BRKIC, Appellant,

v.

CITY OF CLEVELAND et al., Appellees.

[Cite as *Brkic v. Cleveland* (1995), 100 Ohio App.3d 282.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 67129.

Decided Jan. 17, 1995.

*Louis S. Nyerges; Morscher & Straka* and *Roy Morscher*, for appellant.

*Sharon Sobol Jordan,* Director of Law, and *Pamela A. Pfleger Walker,* Assistant Director of Law, for appellees.

*Per Curiam.*

Plaintiff-appellant Dushan Brkic appeals the trial court's order granting the motion for summary judgment filed by the defendants-appellees city of Cleveland, Mayor Michael White, Safety Director Caroline Watts–Allen, Law Director Danny Williams, Council President Jay Westbrook, Police Chief Edward Kovicik, Chris Warren of the Department of Community Development, and Building and Housing Commissioner Juanita Jones.

The facts of the case, for the purposes of summary judgment, were uncontested by the appellees. Appellant owns a home located at 1955 West 58th Street,

Cleveland, Ohio. Both the upstairs and the downstairs of this two-family home were rented, and provided the appellant with his only income, save Social Security. The appellant rented the downstairs to a mother with a teenage son. On May 25, 1992, the police department, without prior notice to the appellant, executed a search warrant on the house. Another individual, not the known tenant, was found on the premises. The police found money and drugs.

During the course of the search, the police used sledge hammers and axes. The walls of every room, the toilet, the toilet reservoir, the sink, the tub, and the kitchen cabinet, were destroyed. The wires in the basement were cut, and the copper plumbing lines were removed. The police boarded up the property, and ordered the upstairs tenant to move, stating that the city was going to demolish the property.

The appellant then received notices of housing code violations. One such notice was dated June 3, 1992, and the appellant was ordered to comply and correct all violations by June 4, 1992. By the time the appellant received the notices, the time for appeal had expired. The repair estimate obtained by the appellant to correct the violations and bring the house up to code was $19,200.

The appellant sets forth various theories of recovery, including a conspiracy by the appellees to defraud him of his property, waste, and that the appellees committed an unlawful taking of his property without due process for compensation as guaranteed by the United States and the Ohio Constitutions. The appellant requested that the appellees be restrained from committing further waste upon the property, requested compensation in the sum of $19,200 for compensatory damages, and $50,000 as punitive damages.

Pretrials were held and some discovery was conducted, but on July 7, 1993, the appellant filed a motion to compel discovery, requesting that the appellees be required to answer interrogatories. The appellees answered the interrogatories, and the judge ruled the motion moot. A discovery completion date of December 15, 1993 was set by the court. On November 15, 1993, the appellant served a second set of interrogatories and a request for production of documents. The appellees answered the interrogatories, but did not produce all of the requested documents.

Further depositions were scheduled by the appellees, and a motion to amend the complaint was filed on December 17, 1993. The motion requested leave under Civ.R. 15(A) to add a single paragraph to the complaint alleging that the appellees' conduct was an unreasonable, arbitrary and/or capricious exercise of police power that prejudiced the private property rights of the appellant. The motion for leave to amend was denied on January 5, 1994. No trial date was set.

On February 4, 1994, the appellant moved the court for a second motion to compel. The court denied the motion. The appellant had requested the production of law enforcement reports, investigations, and findings prior to the filing of the complaint for a search warrant and following the execution of the search warrant, including notes, calendars, memos, log books, journal entries and case files. The appellant's motion was denied on March 7, 1994.

On January 18, 1994, the appellees filed a motion for summary judgment. The appellees contend that the named defendants were not the inspectors or the police officers involved. The appellees claim governmental immunity under R.C. 2744.02, and state that the city employees are immune under R.C. 2744.03(A)(6). The appellees also state that the appellant is not entitled to injunctive relief, and that the appellant cannot recover on his conspiracy claims, as he has shown no discriminatory animus. The only evidence attached to the motion for summary judgment is an affidavit of the Administrator of the Department of Public Safety stating that the named defendants did not participate in the execution of the search warrant or the inspection of the property.

In his brief in opposition to the motion for summary judgment, the appellant argues that the damage from the police was an unconstitutional taking of property without compensation; that there are limits on the police power of the state; that governmental immunity cannot be used to abrogate constitutional rights; that a question of fact exists as to whether the police acted in an unreasonable, arbitrary, or capricious manner; that there is no adequate remedy at law; that the appellees did not provide discovery; and that a claim for conspiracy exists under R.C. 2923.01. Attached as evidence is the result of the search warrant, showing that a minimal recovery was made by the police, and estimates for repair work on the house, one for $18,200 and another for $19,450. Also attached was the affidavit of the person acting as landlord and maintenance person, which states that he had kept the property in repair and in compliance with the city code provisions; that he had no knowledge of drug activity on the property; that the execution of the search warrant by the police caused a great deal of damage not present prior to that time, with the amount of the estimates for repair; and that the cause of the condemnation of the property by the city of Cleveland was the code violations arising out of the damage caused by the police.

The motion for summary judgment was granted on March 14, 1994, and this appeal followed. The appellant sets forth three assignments of error:

"I

"The court erred in granting the defendants' motion to dismiss or in the alternative motion for summary judgment.

## "II

"The court erred in not sustaining plaintiff's motion to compel discovery, the answering of the questions requested, and production of the documents by the plaintiff.

## "III

"The trial court erred in overruling the plaintiff's leave to amend his complaint after the plaintiff ascertained information from the discovery essential to his cause."

The appellant's assignments are all well taken.

Beginning with the third assignment of error, we find that the trial court abused its discretion in refusing to grant the motion to amend the complaint. Civ.R. 15(A) states that leave to amend shall be freely granted as justice so requires. See, also, *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 63 O.O.2d 262, 297 N.E.2d 113. We recognize that the Supreme Court has refined *Peterson* in *Wilmington Steel Products, Inc. v. Cleveland Elec. Illum. Co.* (1991), 60 Ohio St.3d 120, 573 N.E.2d 622. The court held that the plaintiff must make a prima facie showing of new matters sought to be pled. In the case *sub judice,* the appellant did not seek to plead new matters, but rather sought to add specific language to the complaint which had been inadvertently omitted. The complaint itself, as it stands, alleges sufficient facts to support the new language. See Civ.R. 8(A), (E), and (F).

In the second assignment, the appellant assigns error in the refusal of the trial court to compel discovery. The appellees responded to the request by stating that some of the documents were privileged and confidential and others were not relevant or reasonably calculated to lead to the discovery of admissible evidence. It is worthy of note that the appellees did not argue that the records were work product in preparation for trial, nor did they argue that the records were confidential law enforcement records under R.C. 149.43.

In *Henneman v. Toledo* (1988), 35 Ohio St.3d 241, 520 N.E.2d 207, the Supreme Court held that information compiled by an internal affairs division of the police department is subject to discovery in civil litigation arising out of alleged police misconduct if, upon an in-camera inspection, the court determines that the need for the material outweighs the public interest in the confidentiality of the information. In the case *sub judice,* the appellant did not specify whether he was seeking records from the internal affairs division of the police department, but the request would certainly include any such records if they had been compiled. The trial court erred in failing to conduct an in-camera inspection as mandated in

*Henneman, supra.* See, also, *State ex rel. Clark v. Toledo* (1992), 62 Ohio St.3d 452, 584 N.E.2d 662, which follows *Henneman.*

In the first assignment of error, the appellant sets forth various theories for recovery, and the appellees essentially argue governmental immunity as a defense. R.C. 2744.01(C)(1) defines "governmental function," and R.C. 2744.01(C)(2) provides that the provision of police protection is a governmental function. R.C. 2744.03 provides defenses or immunities of the political subdivision and the employees. There is nothing in the language of these statutes concerning immunity that precludes an action based upon willful and wanton conduct of the political subdivision or its employees. In fact, R.C. 2744.03(A), by its language, contemplates that a political subdivision is a proper party to a civil action, and sections (6) and (7) establish that an employee has no immunity where the acts or omissions were outside the scope of employment, or the acts or omissions were done with a malicious purpose, in bad faith, or in wanton or reckless manner.

The appellant argues that the execution of the search warrant essentially deprived him of the use and revenues of his property. Although the city did not proceed under the civil forfeiture laws, the end result here is the same. The appellant was deprived of the use and revenues from his property. See *United States v. James Daniel Good Real Property* (1993), 510 U.S. ——, 114 S.Ct. 492, 126 L.Ed.2d 490. While this court recognizes that the police must ferret out secreted contraband during the execution of a search, this obligation does not give free reign to abuse the authority with which they are vested. The execution must be based upon reasonable standards designed to obtain the secreted contraband. The appellant has set forth genuine issues of material fact related to an unconstitutional taking of his property. Although the doctrine of lis pendens does not apply here, there is nothing which would prohibit the appellant from requesting an injunction to prohibit the city from committing further waste upon his property.

However, we do find that the appellant has not set forth a cause of action for conspiracy under R.C. 2923.01. We find no authority for a civil cause of action for conspiracy under the Criminal Code, and the parties do not cite such authority.

This cause is reversed and remanded.

*Judgment reversed*
*and cause remanded.*

JAMES D. SWEENEY, P.J., HARPER and MATIA, JJ., concur.