BRKIC, Appellant,

v.

CITY OF CLEVELAND et al., Appellees.

[Cite as *Brkic v. Cleveland* (1997), 124 Ohio App.3d 271.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 72724.

Decided Nov. 26, 1997.

272

*Morscher & Straka* and *Roy C. Morscher,* for appellant.

*Sharon Sobol Jordan,* Cleveland Director of Law, and *John W. Monroe,* Assistant Director of Law, for appellees.

*Per Curiam.*

Plaintiff-appellant, Dushan Brkic ("appellant"), appeals from the grant of summary judgment in favor of defendants-appellees, the city of Cleveland and Mayor Michael R. White ("Cleveland"), in a suit for recompense for damage done to appellant's property by the police while executing a search warrant.

Appellant assigns the following error for review:

"The trial court erred in finding that there were no genuine issues of material fact and abused its discretion by granting summary judgment in favor of the City Of Cleveland as a matter of law."

Finding the appeal to have merit, we reverse the judgment of the trial court.

## I

In 1992, appellant filed a complaint against Cleveland, Mayor White, and various other defendants, alleging a conspiracy by the defendants to defraud appellant of his property, waste, and an unlawful taking of property without due process for compensation. The trial court granted the defendants' motion for summary judgment. Appellant appealed that judgment to this court, which reversed the trial court in *Brkic v. Cleveland* (1995), 100 Ohio App.3d 282, 653 N.E.2d 1225. This court held that the trial court abused its discretion by refusing to grant appellant leave to amend his complaint to add a count that the defendants' conduct was an unreasonable, arbitrary, and/or a capricious exercise of police power; that the trial court erred in failing to conduct an in-camera inspection of documents requested by appellant in discovery; and that appellant set forth genuine issues of material fact related to an unconstitutional taking of property. The case was remanded to the trial court. Appellant later voluntarily dismissed the action.

On April 25, 1996, appellant refiled the case against Cleveland and Mayor White. In the complaint, appellant averred that he is the owner of a two-family home located at 1955 West 58th Street in Cleveland. Tenants rented both units, which were in good repair. On May 25, 1992, the Cleveland Police executed a search warrant at the downstairs unit of the residence. The property was damaged by the police officers breaking into walls, smashing toilet reservoirs, sinks, tubs, and kitchen cabinets, cutting wires, and removing copper lines.

Following the raid, the Cleveland Police contacted the city housing inspectors, who examined the house and found numerous violations. Appellant received notices of some violations, which were dated June 3, 1992. Appellant was ordered to correct the violations by June 4, 1992. The property was condemned by Cleveland. Appellant received estimates from contractors to repair the damage, which were for more than $19,000. The monetary value of the damages is almost equal to the fair market value of the property. Appellant alleged in his complaint that Cleveland had retained exclusive control over the property since the raid, Cleveland committed waste upon the property, appellant had suffered lost rents as a result of Cleveland's conduct, the conduct of the raid was an unconstitutional taking of property, appellant was denied due process, the conduct of the raid and search was an unconstitutional exercise of police power, and

the raid and search were conducted in an unreasonable, capricious and arbitrary manner.

On January 28, 1997, Cleveland filed a motion for summary judgment in which it argued that it was immune from some of appellant's allegations under R.C. Chapter 2744, which governs political subdivision tort liability. Cleveland further argued that appellant's complaint was insufficient to support his federal constitutional claims under Section 1983, Title 42, U.S.Code. Cleveland contended that appellant was barred from asserting constitutional violations because he did not pursue an appeal to the Board of Building Standards to contest the violations and that *res judicata* applied. Cleveland maintained that no taking of property in violation of the Constitution occurred, as appellant could have obtained a rehabilitation permit, repaired the property, and regained possession. The trial court granted Cleveland's motion for summary judgment.

## II

In his assignment of error, appellant contends that the trial court erred in granting Cleveland's motion for summary judgment. Appellant submits that he did present proper constitutional claims for the taking of his property without just compensation and for deprivation of his due process rights, that the police raid and search were an unconstitutional exercise of police power, and that the raid and search were conducted in an unreasonable, capricious, and arbitrary manner. Appellant argues that the defense of political subdivision tort immunity does not apply, as his claims were not for torts but for violations of his constitutional rights. Appellant further contends that he did not need to appeal the housing code violations, as he does not assert that the violations do not exist but asserts that the violations were caused by the conduct of Cleveland.

This case was decided by summary judgment. Civ.R. 56(C) provides that summary judgment is proper if the trial court determines that:

"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

Summary judgment is a procedural device designed to terminate litigation and to avoid a formal trial where there is nothing to try. *Norris v. Ohio Std. Oil Co.* (1982), 70 Ohio St.2d 1, 24 O.O.3d 1, 433 N.E.2d 615. Summary judgment is not appropriate where the facts are subject to reasonable dispute when viewed in a

light favorable to the nonmoving party. *Mers v. Dispatch Printing Co.* (1985), 19 Ohio St.3d 100, 104, 19 OBR 261, 264–265, 483 N.E.2d 150, 154. The moving party is entitled to summary judgment if the nonmoving party fails to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265, 273.

Appellant has alleged that Cleveland's action was a taking of his property without just compensation and a denial of due process under both the United States and Ohio Constitutions. Appellant's federal causes of action will be examined first.

Section 1983 provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

Section 1983 provides a remedy for violations of substantive rights created by the United States Constitution or federal statute. *Roe v. Franklin Cty.* (1996), 109 Ohio App.3d 772, 778, 673 N.E.2d 172, 176–177. The statute is limited to deprivations of federal constitutional and statutory rights. *State ex rel. Carter v. Schotten* (1994), 70 Ohio St.3d 89, 92, 637 N.E.2d 306, 309–310.

In order to bring a Section 1983 action, two requirements must be met. The plaintiff must allege that some person has deprived him of a federal right and that the person acted under color of law. *Gomez v. Toledo* (1980), 446 U.S. 635, 640, 100 S.Ct. 1920, 1923–1924, 64 L.Ed.2d 572, 577–578. Among those persons who can be sued directly under Section 1983 are municipalities and other local government units. However, a municipality may not be held liable under a theory of *respondeat superior*; rather, the execution of a government's policy or custom must inflict the injury that the government as an entity is responsible for under Section 1983. *Monell v. New York City Dept. of Social Services* (1978), 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611. Recovery from a municipality is limited to acts that the municipality has officially sanctioned or ordered. Municipal liability attaches where a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question. *Pembaur v. Cincinnati* (1986), 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452. For a Section 1983 claim, a custom or usage of a municipality must have the force of law by

virtue of the persistent practices of government officials. *Adickes v. S.H. Kress & Co.* (1970), 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142.

A municipal employer or supervisor of a person who deprived a plaintiff of his federal constitutional rights is not vicariously liable for the wrongdoer's actions. To recover from the wrongdoer's supervisor, a plaintiff must demonstrate that the supervisory official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the employee. If the municipality is sued, the plaintiff must demonstrate that he suffered a constitutional wrong as a result of an official policy, custom, or practice. *Gardner v. Grand River* (N.D.Ohio 1997), 955 F.Supp. 817.

Appellant has failed to offer any proof that Cleveland has an official policy, custom, or practice regarding the conduct of police officers while executing a search warrant. Appellant did not demonstrate that Cleveland authorized, approved, or knowingly acquiesced in the alleged damages inflicted on appellant's property by the police. "Section 1983 does not permit the inference of the existence of a city policy from the misconduct of a single officer or incident of misconduct." *Lytle v. Columbus* (1990), 70 Ohio App.3d 99, 111, 590 N.E.2d 421, 429. Appellant failed to prove any affirmative link between a policy by Cleveland and the particular constitutional violation alleged. See *Fisher v. Cincinnati* (S.D.Ohio 1990), 753 F.Supp. 681. Appellant has no factual basis for his federal claims set forth in either the complaint or in his brief in opposition to Cleveland's motion for summary judgment. In *Nungester v. Cincinnati* (1995), 100 Ohio App.3d 561, 654 N.E.2d 423, the court held that even the ratification of a single incident by a city was insufficient to impose liability under Section 1983. The plaintiff would have had to have shown a set of facts consistent with a more general practice reflecting deliberate indifference to the constitutional rights of persons served by the police. *Id.* at 568, 654 N.E.2d at 428. A Section 1983 claim cannot rest on mere conclusory allegations of unconstitutional conduct by persons acting under the color of state law, but must set forth some factual basis for the claims. *Mackey v. Cleveland State Univ.* (N.D.Ohio 1993), 837 F.Supp. 1396.

Appellant brought federal claims based upon the denial of due process and a taking of property in violation of the Fifth Amendment. Because appellant failed to properly plead these claims or demonstrate a set of facts that would permit recovery under Section 1983, the trial court correctly granted summary judgment on appellant's federal causes of action.

It next must be determined whether appellant's claims are sufficient under Ohio's Constitution to survive a motion for summary judgment. Section 19, Article I of the Ohio Constitution requires that compensation be paid when

private property is taken for public use. To establish a taking, there must be a substantial or material interference with property rights. *State ex rel. Taylor v. Whitehead* (1982), 70 Ohio St.2d 37, 24 O.O.3d 88, 434 N.E.2d 732. There need not be a physical taking of the property or even dispossession. *State ex rel. McKay v. Kauer* (1951), 156 Ohio St. 347, 46 O.O. 204, 102 N.E.2d 703. Any substantial interference with the elemental rights growing out of the ownership of private property is considered a taking. *Smith v. Erie RR. Co.* (1938), 134 Ohio St. 135, 11 O.O. 571, 16 N.E.2d 310. A taking may be shown by damage directed at the plaintiff's property that was so extreme as to amount to a substantial deprivation of all the rights of ownership. *McKee v. Akron* (1964), 176 Ohio St. 282, 27 O.O.2d 197, 199 N.E.2d 592.

 In the instant case, appellant contends that his property was damaged during the police raid. Appellant submitted evidence that the property was not damaged prior to the search and that the cost to repair the damages approaches the value of the property. Following the raid, the property was condemned. Appellant avers that he lacks the funds to repair the damage and, consequently, cannot rent the property to tenants. Cleveland argues that appellant has not been denied access to his property, as he could have obtained a rehabilitation permit and then repaired the premises. Further, appellant could have made arrangements to gain access to the property through the city.

However, Cleveland's position ignores appellant's claim that the damage caused by Cleveland led to the property's condemnation. As appellant is not financially able to pay for the repairs that would correct the violations, appellant effectively has been denied access to his property by Cleveland. As this court stated in *Brkic v. Cleveland* (1995), 100 Ohio App.3d 282, 287, 653 N.E.2d 1225, 1228, "Although the city did not proceed under the civil forfeiture laws, the end result is the same. The appellant was deprived of the use and revenues from his property." As in the first appeal, appellant has set forth genuine issues of material fact as to whether there was an unconstitutional taking of his property.

 Appellant also brought a cause of action for the denial of due process. Under due process, the state must provide notice and an opportunity to be heard at a meaningful time and in a meaningful manner where the state seeks to infringe a protected liberty or property interest. Due process is a fluid concept that is flexible and varies depending on the importance attached to the interest and the particular circumstances under which the deprivation occurred. *State v. Hochhausler* (1996), 76 Ohio St.3d 455, 459, 668 N.E.2d 457, 463. When a property interest is infringed and the interest is purely economic, a procedural due process claim may be brought. *Cahill v. Lewisburg* (1992), 79 Ohio App.3d 109, 606 N.E.2d 1043. To establish a procedural due process violation, the plaintiff must show that the conduct complained of deprived the plaintiff of a

liberty or property interest without adequate procedural safeguards. *Roe v. Franklin Cty.* (1996), 109 Ohio App.3d 772, 673 N.E.2d 172. The challenging party need only be given a meaningful opportunity to be heard. *1946 St. Clair Corp. v. Cleveland* (1990), 49 Ohio St.3d 33, 550 N.E.2d 456. In order for the procedure to be meaningful, the governmental activity must be fundamentally fair. The proceedings as a whole must conform to the community's sense of fair play and decency. *Abraham v. Wood Cty. Sewer Dist.* (1995), 107 Ohio App.3d 773, 669 N.E.2d 514. Post-deprivation remedies may be adequate to satisfy a procedural due process claim. *Leibson v. Ohio Dept. of Mental Retardation & Dev. Disabilities* (1992), 84 Ohio App.3d 751, 618 N.E.2d 232.

Cleveland asserts that appellant had an adequate post-deprivation remedy, as he could have appealed the violations to the Cleveland Board of Building Standards. Cleveland argues that appellant is barred from claiming that the violations are improper. However, Cleveland has misconstrued appellant's claim. Appellant is seeking to recover for the damage caused to his property during the police raid. He is not contesting that the violations exist. *Res judicata* is not applicable in the instant case as a bar to appellant's complaint against Cleveland, as neither the condemnation process itself nor the violations are being disputed. The issue is whether or not there is any procedure in place by which appellant may seek redress for property damage caused by the actions of the police force of the city. Cleveland has not pointed to any predeprivation or post-deprivation procedure by which appellant could have presented his case for recompense. Apparently, there are no administrative remedies of which appellant could avail himself. Appellant has not been given a meaningful opportunity by Cleveland to be heard in his effort to seek redress for Cleveland's alleged actions during the execution of the search warrant. The trial court erred by granting summary judgment on appellant's due process claim.

Appellant also brought a claim for the abuse of Cleveland's police power. An individual's constitutional right to use private property is subservient to the public welfare under Section 19, Article I of the Ohio Constitution. That right is subject to the legitimate exercise of local police power pursuant to Sections 3 and 7, Article XVIII of the Ohio Constitution. *N. Ohio Sign Contractors Assn. v. Lakewood* (1987), 32 Ohio St.3d 316, 513 N.E.2d 324. The nature of the police power is elastic; it expands or contracts in response to changing conditions and needs. The object of the police power is the public health, safety, and general welfare. To be valid, its exercise must bear a substantial relationship to that object and must not be unreasonable or arbitrary. *Hudson v. Albrecht, Inc.* (1984), 9 Ohio St.3d 69, 9 OBR 273, 458 N.E.2d 852. "[T]he line separating the legitimate use of police power from the illegitimate is often incapable of precise delimitation, as it varies from circumstance to circum-

stance." *Gerijo, Inc. v. Fairfield* (1994), 70 Ohio St.3d 223, 225–226, 638 N.E.2d 533, 536.

Cleveland never specifically addressed appellant's claim that the police raid was an unconstitutional exercise of police power in its motion for summary judgment. The issue of whether the conduct of the police when executing the search warrant was reasonable and bore a substantial relationship to the object of Cleveland in exercising its police power is a material fact that is in dispute. It was inappropriate for summary judgment to have been granted on this claim.

Cleveland also raised the defense of the tort immunity provided to municipalities pursuant to R.C. Chapter 2744. However, appellant's causes of action were constitutional in nature and did not sound in tort. By its very language and title, R.C. Chapter 2744 applies to tort actions for damages. See *Big Springs Golf Club v. Donofrio* (1991), 74 Ohio App.3d 1, 598 N.E.2d 14. Political subdivision tort immunity is not available to Cleveland as a defense to appellant's claims.

Appellant's assignment of error has merit.

*Judgment reversed*
*and cause remanded.*

O'DONNELL, P.J., TIMOTHTY E. MCMONAGLE and SPELLACY, JJ., concur.