Paul D. MYERS;  Diana Myers,
Plaintiffs–Appellants,

v.

VILLAGE OF ALGER, OHIO,
Defendant–Appellee.

No. 03–4028.

United States Court of Appeals,
Sixth Circuit.

June 17, 2004.

Paul D. Myers, Alger, OH, pro se.

Diana Myers, Alger, OH, pro se.

Bradford W. Bailey, Kenton, OH, for Defendant–Appellee.

Before: DAUGHTREY and SUTTON, Circuit Judges; and COOK, District Judge.[*]

## ORDER

Paul D. Myers and Diana Myers (the Myerses), proceeding pro se, appeal a district court judgment dismissing their civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On April 19, 2001, the Myerses filed a complaint, through counsel, against the Village of Alger, Ohio (Village), and its mayor, Donald Hensley. Relying upon the Fifth and Fourteenth Amendments, the Myerses alleged that the defendants deprived them of their property without due process, equal protection, and just compensation and discriminated against Diana Myers because she is an Hispanic–American. The Myerses explained that they own property that abuts an alley, which was dedicated to public use in 1914 but never used as a public thoroughfare. According to the Myerses, the previous owners of their property constructed buildings upon the alley, which the Myerses maintained after their purchase of the property.

The Myerses alleged that on August 4, 1997, they, along with some of their neighbors, filed a petition in state court to have the Village vacate the alley so that it would revert to the adjoining landowners as abandoned by the Village. The petition also alleged that the adjoining landowners had acquired title to the alley by adverse possession. The trial court found that the alley had not been abandoned by the Village but that the Myerses had acquired the alley property upon which their buildings had been built by adverse possession. The Ohio Court of Appeals, Third Appellate District, affirmed the trial court's abandonment ruling but reversed the trial court's adverse possession ruling. The Ohio Supreme Court subsequently declined jurisdiction. Upon remand, the trial court entered judgment in favor of the Village.

The Myerses subsequently received notice that the alley would be used for a water line project and that they should remove any permanent structures upon the alley at their expense or such structures would be demolished. The Myerses refused to remove their buildings and the buildings were eventually demolished by the Village. The Myerses sought monetary relief.

The parties consented to have a magistrate judge exercise jurisdiction over the action pursuant to the provisions of 28 U.S.C. § 636. The parties also consented to the dismissal of Hensley from the action. Thereafter, the Village filed motions for summary judgment, to which the Myerses responded. The magistrate judge granted the Village's motions and dismissed the case. The Myerses's motion for a new trial, which was construed by the magistrate judge as a Fed.R.Civ.P. 59(e) motion to alter or amend judgment, was subsequently denied. The Myerses have filed a timely appeal. They are now pro-

---

[*] The Honorable Julian A. Cook, Jr., United States District Judge for the Eastern District of Michigan, sitting by designation.

ceeding pro se. They request oral argument in their reply brief.

We review the district court's grant of summary judgment de novo. *Lanier v. Bryant,* 332 F.3d 999, 1003 (6th Cir.2003). Summary judgment is appropriate when the evidence presented shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* (quoting Fed.R.Civ.P. 56(c)).

 Upon review, we conclude that the district court properly granted summary judgment in favor of the Village. First, the Myerses's reliance upon the Fifth Amendment is misplaced because the Fifth Amendment applies to the federal government, not state or local governments such as the Village. *See Scott v. Clay County, Tenn.,* 205 F.3d 867, 873 n. 8 (6th Cir.2000). Second, the Myerses's reliance upon the Fourteenth Amendment is misplaced because they failed to show the existence of a cognizable property interest. The Ohio courts ruled that the Village did not vacate or abandon the alley that abuts the Myerses's property and that the Myerses did not acquire title by adverse possession to the alley property upon which their buildings were constructed and maintained. Moreover, the Myerses's claim that they have a property interest in the alley that abuts their property is barred by the doctrine of res judicata. *See Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981); *Kane v. Magna Mixer Co.,* 71 F.3d 555, 560 (6th Cir.1995).

Third, Paul Myers lacked standing to pursue the instant litigation because the Myerses's property is titled in Diana Myers's name only and Paul Myers's dower interest in the property, as Diana Myers's spouse, is inchoate until Diana's death. *See Goodman v. Gerstle,* 158 Ohio St. 353, 109 N.E.2d 489, 492 (Ohio 1952). Fourth, the Myerses failed to demonstrate their entitlement to compensation for the buildings that were destroyed by the Village because they failed to show that the destroyed buildings were dedicated to public use. *See* Ohio Const. Art. I, § 19; *Brkic v. Cleveland,* 124 Ohio App.3d 271, 706 N.E.2d 10, 15–16 (Ohio Ct.App.1997). Fifth, the Myerses failed to establish race and national origin discrimination because they did not present any evidence that the Village operated pursuant to an unconstitutional policy or custom requiring its officials to violate the constitutional rights of its citizens. *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Gregory v. Shelby County, Tenn.,* 220 F.3d 433, 442 (6th Cir. 2000).

Accordingly, we deny the request for oral argument and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.