[Cite as *McDade v. Cleveland*, 2012-Ohio-5515.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98415**

# TENSIE MCDADE

PLAINTIFF-APPELLEE

vs.

# CITY OF CLEVELAND, ET AL.

DEFENDANTS-APPELLANTS

## JUDGMENT:
## REVERSED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-771362

**BEFORE:** Jones, J., Boyle, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** November 29, 2012

**ATTORNEYS FOR APPELLANTS**

Barbara Langhenry
Interim Director of Law

BY: Shawn M. Mallamad
Assistant Director of Law
City of Cleveland,
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114


**ATTORNEY FOR APPELLEE**

Ronald A. Apelt
Apelt Law Firm, LLC
20600 Chagrin Blvd.
Suite 400
Shaker Heights, Ohio 44122

LARRY A. JONES, SR., J.:

{¶1} Defendants-appellants, the city of Cleveland, department of public safety, division of police ("the police department") and the city of Cleveland ("the city"), appeal from the trial court's judgment denying their motion to dismiss the complaint of plaintiff-appellee Tensie McDade.  We reverse.

I. Procedural History

{¶2} In her December 2011 complaint, in addition to naming the police department and the city as defendants, McDade also named "John Doe Corporation" as a defendant. In the complaint, McDade alleged that she went to her friend's house after receiving a phone call from the friend who was "upset and in hysterics" because she could not wake her boyfriend or spouse.  McDade alleged that as she ran to the friend's side door, she was "grabbed" by police officers for the city.  According to the complaint, McDade sustained injuries to her neck, head, and shoulder as a result and incurred damages in undergoing medical treatment for the injuries.

{¶3} In Count 1 of her complaint, McDade alleged that the officer who grabbed her "either recklessly and/or negligently, in an attempt to restrain her, caused her to sustain * * * injuries and damage * * *."  The count alleged that the city's officers were employees or agents of the police department acting and working within the course and scope of their employment.

{¶4} Count 2 of McDade's complaint alleged that the city's officers assaulted her in

their attempt to restrain her. And Count 3 alleged that the police department and the city "negligently and recklessly failed to properly monitor, supervise and train" their officers.

{¶5} In March 2012, the police department and the city filed a motion to dismiss under Civ.R. 12(B)(6). The police department contended that the complaint against it should be dismissed because it is an entity not capable of being sued. The city contended that it is immune from liability.

{¶6} The defendants' motion was initially unopposed, and was granted by the trial court. However, McDade subsequently filed a brief in opposition, which the trial court accepted as timely. The court vacated its prior judgment in favor of the police department and the city, and upon reconsideration, denied the defendants' motion.

{¶7} The defendants now assert the following assignment of error for our review: "The Court erred as a matter of law when it denied the City of Cleveland's motion to dismiss because, under R.C. Chapter 2744, the City is immune from liability for the provision of police services."

## II. Law and Analysis

{¶8} Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 1992-Ohio-73, 605 N.E.2d 378. Under a de novo analysis, we must accept all factual allegations of the complaint as true and all

reasonable inferences must be drawn in favor of the nonmoving party. *Byrd v. Faber*, 57 Ohio St.3d 56, 60, 565 N.E.2d 584 (1991).

{¶9} We first consider the defendants' contention that the police department cannot be sued. The defendants cite three cases in support of their position: *Friga v. E. Cleveland*, 8th Dist. No. 88262, 2007-Ohio-1716; *Richardson v. Grady*, 8th Dist. Nos. 77381 and 77403, 2000 Ohio App. LEXIS 5960 (Dec. 18, 2000); and *Ragan v. Akron Police Dept.*, 9th Dist. No. 16200, 1994 Ohio App. LEXIS 137 (Jan. 19, 1994). Each of these cases hold that a police department is not sui juris and cannot be sued as a separate entity.

{¶10} For example, in *Richardson*, the plaintiff was the administrator for the estate of her deceased daughter, who died after being involved in a collision that stemmed from a police high-speed motor vehicle chase. Among others, the plaintiff sued "'The city of Cleveland Police Department, a Municipal Corporation', alleging that the officers were acting within the course and scope of their employment and recklessly and/or wantonly operated their motor vehicle in a high-speed chase." *Id.* at *2-*3. The police department filed a Civ.R. 12(B)(6) motion to dismiss, which the trial court granted. In upholding the dismissal, this court stated the following:

> In order to survive the motion to dismiss plaintiff had to demonstrate that the named party, "The City of Cleveland Police Department," had the legal capacity to be sued; in other words, that the police department was *sui juris*. As a department of the City of Cleveland it was not *sui juris*. Instead, the real party in interest was the City of Cleveland.

(Emphasis sic.)  *Id.* at \*6.[1]

{¶11} In light of the above, the trial court erred in denying the motion to dismiss as to the police department.  We now consider McDade's case against the city.

{¶12} R.C. 2744.02 governs political subdivision immunity, and certain exceptions thereto.  Subsection (A)(1) of the statute provides in pertinent part as follows:

> Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function.

{¶13} In *Colbert v. Cleveland*, 99 Ohio St.3d 215, 2003-Ohio-3319, 790 N.E.2d 781, the Ohio Supreme Court interpreted the immunity statutes as setting forth a three-tier analysis, stating the following:

> Determining whether a political subdivision is immune from tort liability pursuant to R.C. Chapter 2744 involves a three-tiered analysis.  *Greene Cty. Agricultural Soc. v. Liming*, 89 Ohio St.3d 551, 556-557, 2000-Ohio-486, 733 N.E.2d 1141.  The first tier is the general rule that a political subdivision is immune from liability incurred in performing either a

---

[1] *See also Harris v. Sutton*, 183 Ohio App.3d 616, 2009-Ohio-4033, 918 N.E.2d 181, fn. 1 (8th Dist.): "Plaintiff-appellee separately named the East Cleveland Police Department in his complaint. As a department of the city of East Cleveland, the police department is not sui juris and cannot be sued as a separate entity.  It is subsumed within any judgment relating to the city."

governmental function or proprietary function. *Id.* at 556-557, 733 N.E.2d 1141; R.C. 2744.02(A)(1). However, that immunity is not absolute. R.C. 2744.02(B); *Cater v. Cleveland*, 83 Ohio St.3d 24, 28, 1998-Ohio-421, 697 N.E.2d 610.

The second tier of the analysis requires a court to determine whether any of the five exceptions to immunity listed in R.C. 2744.02(B) apply to expose the political subdivision to liability. *Id.* at 28, 697 N.E.2d 610. At this tier, the court may also need to determine whether specific defenses to liability for negligent operation of a motor vehicle listed in R.C. 2744.02(B)(1)(a) through (c) apply.

If any of the exceptions to immunity in R.C. 2744.02(B) do apply and no defense in that section protects the political subdivision from liability, then the third tier of the analysis requires a court to determine whether any of the defenses in R.C. 2744.03 apply, thereby providing the political subdivision a defense against liability.

*Id.* at ¶ 7-9.

{¶14} The city contends, and McDade agrees for the purposes here, that the operation of the city's police department falls within the definition of a governmental function. McDade states that she is "aware that the Defendant City of Cleveland, like all political subdivision[s], is granted immunity from claims brought relating to performance of its governmental functions." McDade does not contend that any of the five statutory exceptions enumerated under R.C. 2744.02(B) apply. Rather, McDade contends that the general grant of immunity "does not preclude actions based upon willful and wanton

conduct of a political subdivision, or its employees, or where the acts or omissions were outside the scope of the agent/employee's employment." In support of her claim, McDade cites *Brkic v. Cleveland*, 100 Ohio App.3d 282, 653 N.E.2d 1225 (8th Dist.1995). In *Brkic*, this court held that "[t]here is nothing in the language of [the political immunity] statutes * * * that precludes an action based upon willful and wanton conduct of the political subdivision or its employees." *Id.* at 287.

{¶15} This court revisited its holding in *Brkic* in *Krokey v. Cleveland*, 146 Ohio App.3d 179, 765 N.E.2d 889 (8th Dist.2001). In *Krokey*, the plaintiff, a 15 year-old boy, was detained by the police for questioning about an assault. The plaintiff was told by the police to place his hands on the hood of the police car. The plaintiff complied, but complained to the police that the hood of the car was hot. The mother of another individual who was with the plaintiff, and whose son was also told to put his hands on the hood of the police car, tried to intervene with the police; her efforts were to no avail. The plaintiff suffered second and third degree burns on his hands, and had to undergo skin graft operations on both hands using donor skin from his back.

{¶16} The plaintiff sued the city, four named police officers, and two Doe officers. The city denied that the four named officers were the ones who had detained the plaintiff, and a motion for a directed verdict as to those four officers was granted. The case was submitted to the jury on the plaintiff's claims against the city of unlawful detention and assault and battery, despite the city's contention that it was immune from liability for the tortious acts of its employees under R.C. 2744.02.

**{¶17}** In overruling the city's claim of immunity, the trial court relied on *Brkic* in finding that R.C. 2744.02 did not preclude an action based upon willful and wanton conduct of a political subdivision or its employees, or where the acts or omissions were outside the scope of the employee's employment. On appeal, however, this court held as follows:

> To the extent that *Brkic I* suggests that liability can be imposed on the City pursuant to R.C. 2744.03(A)(6)[2] even when none of the exceptions to immunity stated in R.C. 2744.02 apply, that suggestion has been rejected by the Ohio Supreme Court's subsequent decision in *Cater v. Cleveland* [83 Ohio St.3d 24, 697 N.E.2d 610 (1998)].

*Krokey* at 184.

**{¶18}** In *Cater*, the parents of a boy who died at a swimming pool operated by the city of Cleveland contended that an exception under R.C. 2744.03 provided an

---

[2]R.C. 2744.03(A)(6) provides in pertinent part that:

* * * the employee is immune from liability unless one of the following applies:

(a) The employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities;

(b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;

(c) Civil liability is expressly imposed upon the employee by a section of the Revised Code. Civil liability shall not be construed to exist under another section of the Revised Code merely because that section imposes a responsibility or mandatory duty upon an employee, because that section provides for a criminal penalty, because of a general authorization in that section that an employee may sue and be sued, or because the section uses the term "shall" in a provision pertaining to an employee.

independent basis for imposing liability on the city. The Ohio Supreme Court disagreed, stating that R.C. 2744.03 provides defenses to liability. In other words, "it cannot be used to establish liability." *Id.* at 32. "R.C. 2744.03 does not grant exceptions to immunity, but instead provides defenses in particular circumstances if the political subdivision is subject to suit under R.C. 2744.02." *Krokey* at *id.*

{¶19} Thus, McDade cannot use R.C. 2744.03 to establish liability on the city for the alleged acts. Moreover, R.C. 2744.03(A)(6), which McDade cites as imposing liability on the city, "refers only to the *immunity of an employee* of a political subdivision; the fact that the employee remains liable for his intentional torts does not automatically render the political subdivision liable as well." (Emphasis added.) *Krokey* at *id.*

{¶20} In light of the above, the trial court erred in denying the city's motion to dismiss.

{¶21} Judgment reversed.

It is ordered that appellants recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

LARRY A. JONES, SR., JUDGE

MARY J. BOYLE, P.J., and
MARY EILEEN KILBANE, J., CONCUR