[Cite as *Kirk Bros. Co., Inc. v. Trucraft Constr., L.L.C.*, 2017-Ohio-7281.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLINTON COUNTY

|  |  |  |
|---|---|---|
| KIRK BROS. CO., INC., | : | |
| Appellee, | : | CASE NO. CA2016-12-021 |
| - vs - | : | O P I N I O N<br>8/21/2017 |
| TRUCRAFT CONSTRUCTION, LLC, | : | |
| Appellee, | : | |
| - vs - | : | |
| VILLAGE OF BLANCHESTER, OHIO, | : | |
| Appellant. | : | |

CIVIL APPEAL FROM CLINTON COUNTY COURT OF COMMON PLEAS
Case No. CVH 2015-0168

Lundrigan Law Group Co., LPA, W. Kelly Lundrigan, Nicole M. Lundrigan, Zimcom Bldg., 1080 Nimitzview Drive, Suite 201, Cincinnati, Ohio 45230, for appellee, Trucraft Construction, LLC

Schroeder, Maundrell, Barbiere & Powers, Lawrence E. Barbiere, Kurt M. Irey, 5300 Socialville Foster Road, Mason, Ohio 45040, for appellant, the village of Blanchester, Ohio

**PIPER, J.**

{¶ 1} Appellant, the village of Blanchester, Ohio, appeals from the Clinton County Court of Common Pleas decision denying its motion for summary judgment seeking governmental immunity pursuant to R.C. Chapter 2744 in response to claims asserted by

appellee, Trucraft Construction, LLC. This interlocutory appeal is limited to the issue of whether the trial court erred in denying Blanchester's request for sovereign immunity.

{¶ 2} This case involves a public works project to upgrade a water treatment plant owned by Blanchester. The project began in 2013. Blanchester contracted with Kirk Bros. Co., Inc. to oversee the project. Kirk subcontracted with Trucraft to erect a building as part of the project.

{¶ 3} Trucraft began its work and submitted pay applications to Kirk. Kirk did not pay Trucraft in full. In January 2015, Trucraft recorded a mechanic's lien for unpaid work in the amount of $63,755. Trucraft provided notice of the lien to Blanchester and Kirk.

{¶ 4} Neither Blanchester nor Kirk timely contested the lien. Accordingly, Trucraft demanded that Blanchester pay Trucraft the lien amount or else place the lien amount in escrow. Blanchester did neither. Instead, Blanchester continued to pay Kirk for Trucraft's ongoing work on the project. Kirk continued to not pay Trucraft in full.

{¶ 5} Eventually, Trucraft filed a supplemental lien in the amount of $132,670 ($63,755 for the initial lien plus additional work in the amount of $68,915). Kirk formally objected to the supplemental lien and then filed this lawsuit against Trucraft, alleging breach of contract among other claims. Trucraft answered and asserted counterclaims against Kirk and cross-claims against Blanchester.

{¶ 6} Only Trucraft's fifth cause of action, a cross-claim against Blanchester, is at issue in this appeal. That cause of action is entitled "To Foreclose, Enforce and Discharge Liens, and Enforce Payment Pursuant to Ohio R.C. § 1311.311 against Blanchester." The claim alleged that Trucraft complied with all statutory requirements to perfect a mechanic's lien relating to its work on the public project, that Trucraft was entitled to enforce the lien against Blanchester's public funds, that Blanchester wrongly failed to pay the lien amount upon receipt of Trucraft's mechanic's lien, and that Trucraft was entitled to an award of

attorney fees and costs pursuant to R.C. 1311.311.

{¶ 7} Blanchester moved for summary judgment, arguing that it was immune from Trucraft's claim under the governmental tort immunity provisions of R.C. Chapter 2744. Blanchester argued that the court should construe Trucraft's claim as a tort because "the alleged negligent failure to preserve and detain funds in compliance with R.C. § 1311.28 is a separate and distinct cause of action sounding in negligence." In opposition, Trucraft argued that its claim was not a tort but rather a statutory claim to enforce its rights with respect to the mechanic's lien. After Blanchester moved for summary judgment the parties reached an agreement whereby Kirk obtained a surety bond in favor of Trucraft equal to one and one-half the amount of Trucraft's supplemental lien.[1]

{¶ 8} The court construed Trucraft's claim as a tort action. In a thorough and well-reasoned decision, the court examined whether the provisions of R.C. Chapter 2744 provided Blanchester with governmental immunity. After applying the statute, the court found that Blanchester was not entitled to immunity because two statutory exemptions applied.

{¶ 9} However, the court found that after Kirk posted the surety bond, Trucraft's demand to enforce its supplemental lien against Blanchester became moot. The court therefore dismissed that aspect of Trucraft's claim. However, the court found that Trucraft still had claims against Blanchester for attorney fees and costs pursuant to R.C. 1311.311. Therefore, the court denied Blanchester immunity with respect to that portion of Trucraft's claim.

{¶ 10} Blanchester has appealed from the summary judgment decision denying it immunity under R.C. Chapter 2744 and assigns one error for our review:

{¶ 11} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY

---

1. The mechanic's lien statue requires a surety bond equal to one and one-half the amount claimed by the mechanic's lien holder in order to "void" the mechanic's lien. R.C. 1311.311.

PARTIALLY DENYING SUMMARY JUDGMENT IN FAVOR OF APPELLANT VILLAGE OF BLANCHESTER, OHIO ON THE BASIS OF STATUTORY IMMUNITY UNDER O.R.C. CHATPER 2744.

{¶ 12}   Blanchester argues that the court erred in its application of the tort immunity statute. Trucraft counters that its mechanic's lien claim was a statutory claim, not a tort, and therefore not subject to R.C. Chapter 2744.   Alternatively, Trucraft argues that the court properly analyzed the claim under the tort immunity statute and found that Blanchester was not immune from suit.

{¶ 13}   This court reviews summary judgment decisions denying governmental immunity de novo.  *Santel v. Rector*, 12th Dist. Clinton No. CA2010-10-018, 2011-Ohio-1996, ¶11.  "[W]e review the trial court's judgment independently and without deference to its determinations and use the same standard in our review that the trial court should have employed." *CACH, LLC v. Donohue*, 12th Dist. Warren No. CA2016-09-083, 2017-Ohio-5672, ¶ 11, citing *Ludwigsen v. Lakeside Plaza, L.L.C.*, 12th Dist. Madison No. CA2014-03-008, 2014-Ohio-5493, ¶ 8.

{¶ 14}   R.C. 1311.25 through 1311.37 govern mechanic's liens on public improvement projects.  In the usual public works project, only the general contractor is in privity of contract with the public authority.  *Selective Ins. Co. of Am. v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 11AP-597, 2012-Ohio-1314, ¶ 12.  The mechanic's lien statutes therefore provide a statutory mechanism by which a subcontractor or a material supplier in a public improvement project can secure payment from a public authority if the general contractor defaults on its payment obligation.  *Id.*

{¶ 15}   A subcontractor may record and then serve the public authority with an

affidavit stating the amount due and unpaid for work or materials. R.C. 1311.26.[2] Upon receiving the affidavit, the public authority must "detain" the lien amount from the principal contractor or from the balance of funds remaining in the public improvement contract. R.C. 1311.28. The public authority must place any funds so detained in an escrow account, to be released as "ordered by a court of competent jurisdiction" or by agreement between the general contractor and subcontractor. *Id.*

{¶ 16} The public authority must serve the general contractor with a copy of the affidavit. R.C. 1311.31. The general contractor then has 20 days in which to dispute the claims set forth in the affidavit or else the general contractor has "assented to its correctness." *Id.* If the general contractor does not dispute the affidavit, then the public authority must pay the subcontractor. *Id.*

{¶ 17} R.C. 1311.32 provides that a subcontractor may enforce its right to payment "in the court of common pleas * * * in the county in which the public property involved is situated * * *. The court shall resolve all disputes concerning whether the affidavit filed pursuant to section 1311.26 of the Revised Code has been perfected and concerning priorities, that may arise from enforcement of the affidavit or the bond that secures the affidavit, pursuant to section 1311.311 of the Revised Code."

{¶ 18} In addition, R.C. 1311.311 provides:

> If the public authority fails to discharge the affidavit filed pursuant to section 1311.26 of the Revised Code and make payment, the principal contractor or subcontractor may file an action in the court of common pleas of the county in which the property is located * * *. If the court determines in the action that the public authority improperly failed to discharge the affidavit and make payment, the court may award reasonable attorney fees.

{¶ 19} Consequently, R.C. 1311.25 through 1311.37 provide a statutory framework

---

2. The subcontractor must also provide the general contractor with a "notice of furnishing" regarding the work or materials supplied. R.C. 1311.261.

allowing subcontractors or materials suppliers to secure liens on public improvement works. Furthermore, the statutes' plain language provides the subcontractor with a statutory right to sue the public authority in the common pleas court to enforce its lien rights. Therefore, Trucraft's right to sue Blanchester to enforce the lien and seek attorney fees for Blanchester's failure to pay is statutory and is not based on tort law.

{¶ 20} By its very language and title, R.C. Chapter 2744 applies to tort actions for damages. *Laborde v. City of Gahanna*, 10th Dist. Franklin Nos. 14AP-764 and 14AP-806, 2015-Ohio-2047, ¶ 18; *Cincinnati v. Harrison*, 1st Dist. Hamilton No. C-130195, 2014-Ohio-2844, ¶ 30-31; *State ex rel. Fatur v. Eastlake*, 11th Dist. No. 2009-L-037, 2010-Ohio-1448, ¶ 34; *Parker v. Upper Arlington*, 10th Dist. Franklin No. 05AP-695, 2006-Ohio-1649, ¶ 9; *Brkic v. Cleveland*, 124 Ohio App.3d 271, 282 (8th Dist.1997); *Big Springs Golf Club v. Donofrio*, 74 Ohio App. 3d 1, 2 (9th Dist.1991). Trucraft's claim was premised on statutory rights and therefore did not sound in tort. Consequently, the court erred to the extent it concluded that Trucraft's claims were based in tort and subject to the tort immunity statute.

{¶ 21} Moreover, the statutory scheme set forth in R.C. 1311.25 et seq. would be meaningless if R.C. Chapter 2744 shielded a public authority from suit to enforce the lien. Finally, we note that even had we concluded that Trucraft's claim was a tort action and subject to the tort immunity statute, R.C. 2744.02(B)(5) provides that:

> In addition to the circumstances described in divisions (B)(1) to (4) of this section, a political subdivision is liable for injury, death, or loss to person or property when *civil liability is expressly imposed upon the political subdivision* by a section of the Revised Code, including, but not limited to, sections 2743.02 and 5591.37 of the Revised Code.

(Emphasis added.)

{¶ 22} While the court's initial decision that Trucraft's claim was subject to R.C. Chapter 2744 was in error, we will nevertheless affirm a trial court's summary judgment

decision that achieves the correct result. *French v. New Paris*, 12th Dist. Preble No. CA2010-05-008, 2011-Ohio-1309, ¶ 42. The court ultimately concluded that Blanchester was not immune from suit. Our decision does not change that outcome.

{¶ 23} Accordingly, we affirm the interlocutory judgment of the court with respect to its denial of Blanchester's request for governmental immunity. This matter is remanded for further proceedings consistent with this opinion.

S. POWELL, P.J., and M. POWELL, J., concur.