OPINION
{¶ 1} Defendant-appellant, the Board of County Commissioners of Butler County, appeals a decision of the Butler County Court of Common Pleas denying its motion for summary judgment in this action for damages to real property.
 {¶ 2} In a prior legal proceeding, appellant initiated an appropriation action on April 9, 1999 to acquire property from appellees to accommodate the relocation of a creek and the *Page 2 
building of a box culvert that discharged into a drainage ditch on appellees' property. In the action, appellees alleged counterclaims, including that the culvert had caused their property to flood. The trial court found in favor of appellant and specifically found that appellees' counterclaims had no merit. Appellees appealed. The appeal was dismissed with prejudice when the parties reached a settlement.
 {¶ 3} Subsequently, appellees commenced this lawsuit on April 14, 2006, alleging that flooding on the property caused by the continued existence of the box culvert and drainage ditch has caused damage to their home. Appellants requested summary judgment based on theories of res judicata and sovereign immunity. The trial court granted summary judgment on the theory of sovereign immunity with respect to appellees' nuisance and trespass claims, but denied summary judgment under both theories with respect to appellee's claims that the continued use of the easement constitutes an illegal taking. This appeal followed with appellant raising the following three assignments of error.
 {¶ 4} First Assignment of Error:
 {¶ 5} "THE TRIAL COURT ERRED IN FAILING TO GRANT THE DEFENDANT, BOARD OF COUNTY COMMISSIONER'S [sic], MOTION FOR SUMMARY JUDGMENT."
 {¶ 6} Second Assignment of Error:
 {¶ 7} "THE TRIAL COURT ERRED IN CONCLUDING THAT THE COUNTY'S USE OF AN EXISTING EASEMENT FOR ITS INTENDED PURPOSE AMOUNTS TO A TAKING OF ADJACENT LAND."
 {¶ 8} Third Assignment of Error:
 {¶ 9} "THE TRIAL COURT ERRED IN CONCLUDING THAT THE ALLEDGED SLOPE INSTABILITY AMOUNT TO A TAKING."
 {¶ 10} In its first assignment of error, appellant claims the trial court erred by failing to grant its summary judgment motion on the basis of res judicata. *Page 3 
 {¶ 11} Although neither party mentioned the issue, we sua sponte address whether the trial court's decision granting in part and denying in part a motion for summary judgment constitutes a final appealable order. Lehtinen v. Drs. Lehtinen, Mervart West, Inc. (2003),99 Ohio St.3d 69, 72 fn. 1, 2003-Ohio-2574. The Ohio Constitution provides that "courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse * * * final orders of the courts of record inferior to the court of appeals within the district." Section 3(B)(2), Article IV, Ohio Constitution. Courts of appeals lack jurisdiction to review an order or judgment of trial court that is not final. Id.
 {¶ 12} On October 3, 2007, the Ohio Supreme Court decided the case ofHubbell v. City of Xenia, 115 Ohio St.3d 77, 2007-Ohio-4839.Hubbell interprets R.C. 2744.02(C), which states, "An order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order."
 {¶ 13} In the Hubbell majority opinion, the supreme court instructs: "A court of appeals must exercise jurisdiction over an appeal of a trial court's decision overruling a Civ.R. 56(C) motion for summary judgment in which a political subdivision or its employee seeks immunity. Absent some other procedural obstacle, a court of appeals must conduct a de novo review of the law and facts. If, after that review, only questions of law remain, the court of appeals may resolve the appeal. If a genuine issue of material fact remains, the court of appeals can remand the case to the trial court for further development of the facts necessary to resolve the immunity issue." Id. at ¶ 21. The Hubbell decision occurs in the context of a summary judgment motion where the only issue was application of sovereign immunity.
 {¶ 14} Generally, a "movant for summary judgment is precluded from seeking review of a denial of the motion until such time as the court enters a subsequent, adverse, and final judgment on the merits of the claim." Abrams v. Toledo Auto. Dealers Assn. (2001), 145 *Page 4 
Ohio App.3d 187, 193, citing Balson v. Dodds (1980), 62 Ohio St.2d 287,289. Thus, if this case were stripped of the issue of sovereign immunity, this court would not have jurisdiction to review appellant's claims because appellant is not deprived of the opportunity to litigate the issues on their merits. Thus, the only theory under which this court has jurisdiction to review this case is the denial of sovereign immunity. See Hubbell.
 {¶ 15} Accordingly, we find that the assignments of error are not ripe for review at this time. Appellant has not asserted error with respect to the trial court's sovereign immunity determination, and that is the only issue that is reviewable at this time.
 {¶ 16} Appeal dismissed.
 WALSH and POWELL, JJ., concur. *Page 1