[Cite as *Cincinnati v. Harrison*, 2017-Ohio-7580.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| CITY OF CINCINNATI, OHIO, | : | APPEAL NO. C-160581 |
| | | TRIAL NO. A-0900755 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| CITY OF HARRISON, OHIO, | : | |
| | | |
| Defendant-Appellant, | : | |
| | | |
| and | : | |
| | | |
| BOARD OF COUNTY COMMISSIONERS OF HAMILTON COUNTY, OHIO, | : | |
| | | |
| Defendant. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Appeal Dismissed

Date of Judgment Entry on Appeal: September 13, 2017

*Frost Brown Todd LLC, Douglas R. Dennis, Rebecca J. Dussich* and *Christopher S. Habel,* for Plaintiff-Appellee,

*Schroeder, Maundrell, Barbiere & Powers* and *Lawrence E. Barbiere*, for Defendant-Appellant.

**CUNNINGHAM, Presiding Judge.**

{¶1}    In 2009, plaintiff-appellee, the city of Cincinnati, sought declaratory and injunctive relief to prevent defendant-appellant, the city of Harrison, Ohio, from providing water service to customers in disputed areas of western Hamilton County, Ohio.  *See generally Cincinnati v. Harrison*, 1st Dist. Hamilton No. C-130195, 2014-Ohio-2844, ¶ 3 et seq.  Following a remand from this court, Harrison appeals from the trial court's June 8, 2016 entry of "final judgment."  But because the trial court's entry of "final judgment" was contrary to the law of the case and was not a final order, we must dismiss the appeal.

{¶2}    In March 2013, the trial court issued a detailed, five-page decision resolving the parties' cross-motions for summary judgment on Cincinnati's claims for relief.  Harrison appealed asserting, inter alia, that as a political subdivision it was immune from awards of money damages.  *See id.* at ¶ 17.

{¶3}    In June 2014, we affirmed the trial court's judgment in part, reversed it in part on Harrison's sovereign-immunity defense, and concluded that certain aspects of the trial court's summary-judgment entry "not touching on immunity, including the measure of restitution and fees, the proper timing and scope of the injunctive relief, and the award of other relief sought under count one of the amended complaint, were not yet final orders and thus were not yet appealable."  *Id.* at ¶ 45.

{¶4}    We held that the trial court's orders not touching on immunity were "'tentative, informal, or incomplete' and [were] subject to change or reconsideration upon the trial court's own motion."  *Id.* at ¶ 48, quoting *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).  Because the trial court's orders not touching immunity contemplated further action, they were not final.  We

concluded that "[o]nly after the trial court has resolved these matters and has entered a final judgment [would] they be ready for appellate review." *Id.*

{¶5} When the matter returned to the common pleas court, the case was reassigned to a different judge of that court. The new trial judge placed two substantive entries on the court's journal. The first was a scheduling order setting the case for a bench trial. The second was a two-paragraph document captioned "Final Judgment Entry," the document from which Harrison has sought this appeal.

{¶6} In the June 8, 2016 entry, the trial court acknowledged that in our June 2014 decision, this court had "ruled" that the trial court's orders "not touching immunity" remained " 'tentative, informal, or incomplete' and * * * subject to change or reconsideration upon the trial court's own motion." Nonetheless the trial court "decline[d] to change or reconsider those elements of the [trial court's March 2013 judgment entry], 'not touching immunity.' " The court then purported to enter "final judgment." We note that the trial court's entry failed to implement any changes to its prior ruling on issues such as money damages and fees, that were in conflict with this court's June 2014 decision. Harrison appealed.

{¶7} Because an appellate court's jurisdiction is limited to review of final judgments or orders, it must determine its own jurisdiction to proceed before reaching the merits of any appeal. *See* Ohio Constitution, Article IV, Section 3(B)(2); *see also* R.C. 2505.03(A); *State ex rel. White v. Cuyahoga Metro. Hous. Auth.*, 79 Ohio St.3d 543, 544, 684 N.E.2d 72 (1997). And when the record certified for our review does not contain a final appealable order, we must dismiss the appeal for lack of subject-matter jurisdiction. *See General Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989).

{¶8} The question of whether we have subject-matter jurisdiction to proceed is resolved under the doctrine of the law of the case, which holds that a reviewing court's decision in a case remains the law of that case on the legal questions involved for all subsequent proceedings in that case. An inferior court has "no discretion to disregard the mandate of a superior court in a prior appeal in the same case." *Nolan v. Nolan*, 11 Ohio St.3d 1, 462 N.E.2d 410 (1984), syllabus. Application of the doctrine "ensure[s] consistency of results in a case, * * * avoid[s] endless litigation by settling the issues, and * * * preserve[s] the structure of superior and inferior courts as designed by the Ohio Constitution." *Id.* at 3, citing *State ex rel. Potain v. Mathews*, 59 Ohio St.2d 29, 32, 391 N.E.2d 343 (1979).

{¶9} Here, neither party sought review of our June 2014 decision by means of an appeal to the Ohio Supreme Court. Neither party added evidentiary material to the record after remand to the trial court. The record certified for our review in this appeal is factually and legally identical to that which we confronted in our June 2014 decision.

{¶10} Thus the trial court's June 8 entry of "final judgment" was contrary to the law of the case and to this court's prior decision that those orders not touching immunity were not final, and that further action by the court was required before they could be considered final. *See Nolan* at 3; *see also Cincinnati v. Harrison*, 1st Dist. Hamilton No. C-130195, 2014-Ohio-2844, at ¶ 48.

{¶11} With no final order in the record certified for our review under App.R. 9, we must dismiss the appeal. *See General Acc. Ins. Co.*, 44 Ohio St.3d at 20, 540 N.E.2d 266.

Appeal dismissed.

**MYERS, J.,** concurs.
**Miller, J**., dissents.

4

**Miller, J**., dissenting.

{¶12}   Sometimes, language used in court orders is unclear.  But ambiguity need not always be fatal.  This entry appears to have been entered in an attempt to strictly comply with our prior decision, as the parties argue.  I would give the trial court the benefit of the doubt, and afford the parties a decision on this dispute regarding which entity (or both) has the authority to fulfill the important governmental role of providing water and sewer services to the disputed areas.

{¶13}   This eight-year-old case was decided on the merits by the trial court in 2013 on cross-motions for summary judgment.  Or so the trial court thought.  On the city of Harrison's appeal from that decision, we addressed Harrison's immunity defenses only.  *Harrison*, 1st Dist. Hamilton No. C-130195, 2014-Ohio-2844, at ¶ 18-44.  We decided that Harrison was immune from any claim for damages, but not from equitable and declaratory claims.

{¶14}   We refused to consider whether the judgment in favor of Cincinnati on the equitable and declaratory claims was proper because the trial court's entry stated, "The court reserves the right to provide further relief as it deems appropriate to implement this decision."  *Id.* at ¶ 48.  We found this language "contemplate[d] further action" because it rendered the judgment "subject to change or reconsideration upon the trial court's own motion."  *Id.*  Accordingly, we remanded.

{¶15}   On remand, the trial court attempted to comply with our instructions by stating that it "declines to change or reconsider" its decisions on the remaining claims "and hereby enters final judgment."  It reiterated that its new entry "constitutes a final judgment on all claims presented in this dispute."  The majority has interpreted this language to mean that the 2013 entry has been left untouched.

{¶16} I read it differently, as do the parties. The trial court attempted to comply with our instructions by using our language. When the trial court said it declined to change or reconsider the remaining claims, it meant it was abandoning its "right" to do so. It further demonstrated its abandonment by stating that it now was entering final judgment on all claims. While the trial court could have prepared a more thorough final entry restating the portions of the 2013 decision it declined to revisit, or to specifically excise the offending language, what it did here was sufficient.

{¶17} Our 2014 decision also indicated that failure of the trial court to determine "restitution and fees" awarded to Cincinnati as additional reasons the decision was not final. However, we had also determined that all of the monetary and attorney fee awards were barred by immunity. Moreover, restitution would have been an alternative award to injunctive relief, not a cumulative award. There is no need for restitution here because Cincinnati was afforded the right to provide the services, so it is using its infrastructure and isn't entitled to restitution. Thus, the lack of a "restitution and fees" award isn't a basis to find the order not to be final now that the trial court has released any rights it reserved to afford additional equitable relief.

{¶18} The issue of which city provides water to the areas in question is of public importance. The question of whether the decision complies with R.C. 6103.04 needs to be answered. We should interpret the "Final Judgment Entry" as releasing any rights the trial court reserved to afford additional equitable relief, and render a decision on the merits.

Please note:

The court has recorded its own entry on the date of the release of this opinion.