Miller, J., dissenting.
 

 {¶ 12} Sometimes, language used in court orders is unclear. But ambiguity need not always be fatal. This entry appears to have been entered in an attempt to strictly comply with our prior decision, as the parties argue. I would give the trial court the benefit of the doubt, and afford the parties a decision on this dispute regarding which entity (or both) has the authority to fulfill the important governmental role of providing water and sewer services to the disputed areas.
 

 {¶ 13} This eight-year-old case was decided on the merits by the trial court in 2013 on cross-motions for summary judgment. Or so the trial court thought. On the city of Harrison's appeal from that decision, we addressed Harrison's immunity defenses only.
 
 Harrison
 
 , 1st Dist. Hamilton No. C-130195,
 
 2014-Ohio-2844
 
 ,
 
 2014 WL 2957946
 
 , at ¶ 18-44. We decided that Harrison was immune from any claim for damages, but not from equitable and declaratory claims.
 

 {¶ 14} We refused to consider whether the judgment in favor of Cincinnati on the equitable and declaratory claims was proper because the trial court's entry stated, "The court reserves the right to provide further relief as it deems appropriate to implement this decision."
 
 Id.
 
 at ¶ 48. We found this language "contemplate[d] further action" because it rendered the judgment "subject to change or reconsideration upon the trial court's own motion."
 
 Id.
 
 Accordingly, we remanded.
 

 {¶ 15} On remand, the trial court attempted to comply with our instructions by stating that it "declines to change or reconsider" its decisions on the remaining claims "and hereby enters final judgment." It reiterated that its new entry "constitutes a final judgment on all claims presented in this dispute." The majority has interpreted this language to mean that the 2013 entry has been left untouched.
 

 {¶ 16} I read it differently, as do the parties. The trial court attempted to comply with our instructions by using our language. When the trial court said it declined to change or reconsider the remaining claims, it meant it was abandoning its "right" to do so. It further demonstrated its abandonment by stating that it now was entering final judgment on all claims. While the trial court could have prepared a more thorough final entry restating the portions of the 2013 decision it declined to revisit, or to specifically excise the offending language, what it did here was sufficient.
 

 {¶ 17} Our 2014 decision also indicated that failure of the trial court to determine "restitution and fees" awarded to Cincinnati as additional reasons the decision was not final. However, we had also determined that all of the monetary and attorney fee awards were barred by immunity. Moreover, restitution would have been an alternative award to injunctive relief, not a cumulative award. There is no need for restitution here because Cincinnati was afforded the right to provide the services, so
 it is using its infrastructure and isn't entitled to restitution. Thus, the lack of a "restitution and fees" award isn't a basis to find the order not to be final now that the trial court has released any rights it reserved to afford additional equitable relief.
 

 {¶ 18} The issue of which city provides water to the areas in question is of public importance. The question of whether the decision complies with R.C. 6103.04 needs to be answered. We should interpret the "Final Judgment Entry" as releasing any rights the trial court reserved to afford additional equitable relief, and render a decision on the merits.